**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONOVAN SMITH,

    Plaintiff,

v.

SAMANTHA EISENBERG, et al,

    Defendants.

Case No. 2:16-cv-00618-JCM-CWH

**ORDER**

Presently before the Court is pro se Plaintiff Donovan Smith's application for leave to proceed *in forma pauperis* (ECF No. 9), filed on June 17, 2016. Also before the Court is Plaintiff's civil complaint (ECF No. 1-1), filed on March 17, 2016. The Court previously denied Plaintiff's prior applications to proceed *in forma pauperis* (ECF Nos. 1 and 6) without prejudice.

**I.**     *In Forma Pauperis* **Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. The Court will therefore grant Plaintiff's request to proceed *in forma pauperis*. The Court will now screen Plaintiff's civil complaint.

**II.**     **Screening the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), upon granting a request to proceed *in forma pauperis*, a court must screen the plaintiff's complaint. To screen a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss

1

them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

To determine whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Finally, unless it is clear that the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding its deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Plaintiff's claims

Plaintiff's complaint, as best the Court can understand it, is a one paragraph description of events that allegedly took place on September 10, 2015, near a Circle K gas station. Plaintiff seems to allege a conspiracy against her led by the named Defendant, Samantha Eisenberg, an officer of the Las Vegas Metropolitan Police Department (LVMPD). Plaintiff alleges that Eisenberg attempted to have her killed by some unnamed "mutual acquaintances" in retaliation for Plaintiff's causing Eisenberg to lose her "Las Vegas metro credentials." Plaintiff's complaint is accompanied by several lengthy letters (ECF Nos. 1-3, 1-4, and 1-5), which the Court will construe as part of the complaint. These letters also allege a conspiracy, but no particular facts to support this conclusion. The Court is left without any indication of what Plaintiff alleges to have occurred, beyond the words "conspiracy" and "attempted murder."

As noted above, a cognizable claim must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although claims made by pro se plaintiffs are to be construed liberally, they are still bound by the federal rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Here, even under the most generous reading, Plaintiff's

claims do not satisfy the requirement of Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff has failed to state a claim on which relief may be granted, and the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff will have leave to amend the complaint to correct the noted deficiencies.

IT IS THEREFORE ORDERED that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 9) is granted. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff may choose to file an amended complaint correcting the noted deficiencies within 30 days of the date of this order. Failure to file an amended complaint may result in dismissal of this action.

DATED: April 19, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge